James **CHAPMAN,** Plaintiff,

v.

**MISDOM–FRANK & SKLAR,**
**Defendant.**

**Civ. A. No. 1:87–CV–0606–JOF.**

United States District Court,
N.D. Georgia.

Oct. 31, 1988.

---

234

Bruce S. Harvey, Atlanta, Ga., for plaintiff.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiff James Chapman's motion for reconsideration. Local Rule 220–6. Plaintiff requests reconsideration of the court's order of August 10, 1988 wherein the court dismissed this action without prejudice for failure to comply with a previous order, Local Rule 230–3(a)(2), and for failure to perfect service of process within the time prescribed by Fed.R.Civ.P. 4(j).

### I. FAILURE TO OBEY A PREVIOUS ORDER OF THE COURT.

By order entered April 27, 1988, plaintiff was ordered to "show cause, *with the proper affidavits*, ... why this case should not be dismissed for failure to prosecute (emphasis supplied)." The court received plaintiff's response May 6, 1988. Though this response included several appropriate exhibits, these exhibits, as well as counsel's representations, were completely unsupported by affidavit, despite the unambiguous language of the April 27, 1988 order. It was therefore disregarded and plaintiff's complaint dismissed without prejudice. Plaintiff now argues that he was never informed by the court "that his mere failure to attach affidavits would be fatal to the life of his complaint." Brief, ¶ 14. This argument is without merit.[1] First, any action brought in this district is

---

1. The court finds it noteworthy that plaintiff does not attempt to explain or justify his apparent decision to ignore the requirements of the court's show cause order. Indeed, as noted above, plaintiff goes so far as to describe his failure to submit the required affidavits as "mere." Brief, ¶ 14. Plaintiff is ill-advised to treat the court's future orders in such a casual manner.

subject to dismissal for failure or refusal to obey a lawful court order. Local Rule 230–3(a)(2). Second, plaintiff was in fact on notice that the "life" of his complaint was in jeopardy. The April 27, 1988 show cause order expressly warned that the court was considering dismissal of this action for failure to prosecute. Finally, the court's April 27, 1988 order notwithstanding, any representation of fact and/or exhibit(s) are to be supported and authenticated by affidavit(s). *See e.g.*, Local Rule 220–1(a)(1). Unsupported representations are of no evidentiary value and will not be given any by this court. For these reasons, the court is unpersuaded by this argument.[2]

## II. FAILURE TO PERFECT SERVICE OF PROCESS.

 As alluded to above, plaintiff's complaint was also dismissed pursuant to Fed. R.Civ.P. 4(j). This rule provides in relevant part,

If a service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

As of the date of the court's last review of the record, the indication was that plaintiff had failed to perfect service of process on defendant within Rule 4(j)'s 120 day requirement. The record now shows, however, that plaintiff did in fact perfect service on defendant within this time.[3] In addition, the record now includes substantial evidence of prosecution, most of which occurred in the interim between the court's April 27, 1988 and August 16, 1988 orders. For these reasons, the court declines to prejudice plaintiff for the inaction of coun-

sel at this time. Accordingly, plaintiff's motion for reconsideration is GRANTED. The court's August 16, 1988 order of dismissal is hereby VACATED and this action shall be allowed to proceed.

## III. CONCLUSION.

In sum, plaintiff's motion for reconsideration is GRANTED. The court's August 16, 1988 order of dismissal is hereby VACATED and this action shall be allowed to proceed.

IT IS SO ORDERED.

---

2. Plaintiff also states that he relied upon the period of time between the filing his response to the court's show cause order and the court's August 16, 1988 order as "an indication that he had satisfied the court why his complaint should not be dismissed." Brief, ¶ 15. Such reliance is misplaced; this court *never* rules by inaction.

3. Proof of service was filed August 2, 1988, and indicates that defendant was served July 6, 1988. Plaintiff offers no reason for this delay in filing. This is particularly interesting since plaintiff describes the eventual filing of this document as "prompt." Brief, ¶ 10.